A. NEGA, Appellant, v. BARBER ASPHALT PAVING COMPANY, Respondent.

### April 7, 1885.

CONTRACTS—LICENSE.—A licensee who agrees to pay in advance a stipulated price per month, "while he is taking stone from this quarry," and pays for two months, but never enters upon the quarry, is not liable for any further sum.

APPEAL from the St. Louis Circuit Court, THAYER, J. *Affirmed.*

W. C. BRAGG, for the appellant.

L. WILCOX, for the respondent.

THOMPSON. J., delivered the opinion of the court.

The plaintiff brought an action before a justice of the peace against the defendant for two months' rent claimed to be due from Sept. 16, 1883, to Nov. 16, 1883, under the following contract:

"This agreement, made on the 12th day of July, 1883, between the Barber Asphalt Paving Company, of Washington, D. C., and Albert Nega, of St. Louis, for the right to quarry and remove from a certain piece of Nega's land near Cheltenham, such stones as may be used by the Paving Company in reconstructing Locust and Pine streets. The said Nega to procure the right of way from highway to quarry. The Paving Company shall pay for this $100 per month (payable in advance) commencing July 16, while they are taking stone from this quarry. It being understood the said Nega opens the quarry and keeps the stripping in advance so as to give the Paving Company a reasonable chance to work the quarry economically and keep the crusher at work."

On trial in the circuit court defendant offered evidence to the effect that the plaintiff procured the right of way to the quarry as in the above contract he had agreed to do; but that the defendants never quarried any stone from the quarry, because they could not get to it by reason of the fact that the St. Louis and San Francisco Railroad Company had removed a bridge and had failed to replace it. They, nevertheless, paid the plaintiff for the first two months' rent, and then refused to pay him any more; but, as other testimony tends to show, offered the possession of the quarry to him, though the plaintiff in his testimony denies this last statement. The work of reconstructing Locust and Pine streets, which the defendants had undertaken, was completed by them on or about the first of October, 1883. The case was tried in the circuit court without a jury, and the learned judge rendered a verdict and judgment for the defendants. We think it unnecessary to look at the instructions or at the rulings touching the evidence, because it is apparent from the above statement that the court rendered the only judgment which could rightfully have been rendered in the premises. The contract between the parties was not a lease of the premises by the plaintiff to the defendants for a definite term, accompanied with a surrender of possession, such as would bind them to pay rent for the entire term. It was merely a license to the defendants to get certain minerals out of the land, which license carries with it a right of a qualified possession for that purpose without displacing the general possession of the plaintiff.—*Boone* v. *Stover*, 66 Mo. 430, 434. Such a contract may, and often does, take the form of a demise of the land for a term of years for the purpose of enabling the lessee to get therefrom all the minerals of a certain kind which he may choose to get during the time, on payment of a stipulated rent.—*Austin* v. *Huntsville Coal and Mining Co.*, 72 Mo. 535. But whether such a contract be termed a lease or a mere license does not seem to be very material; since the law will not in either case attach to it any meaning different from that which the parties have

expressed therein.    The parties having made one contract for themselves, the law will not step in at the instance of one of them, and make a different contract for them, or vary the terms of the contract which they have seen fit to make.

What then was the contract which these parties made for themselves?  Defendants were to have the right to quarry and remove from the plaintiff's land in question such stones as might be used by them in reconstructing Locust and Pine streets.    That was the extent of the license granted to them.    But they did not agree to pay rent for the premises during the entire time within which they might be engaged in reconstructing Locust and Pine streets; on the contrary, they agreed merely to pay in advance for the license in question, $100 per month, commencing July 16, and continuing—to use the words of the contract—"*while they are taking stone from this quarry.*"    Now, as the testimony shows, without any dispute, that they never took any stone from the quarry, there is no ground upon which they can be held liable to pay the plaintiff any rent beyond the amount which they have paid him.    If they had agreed in the contract to pay the rent reserved during such time as they might be engaged in reconstructing Locust and Pine streets, it would have been different.

The judgment is affirmed.    All the judges concur.